UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMMERCE EQUITIES, INC., § § Plaintiff, § § v. § § CIVIL ACTION NO. 4:20-CV-02607 AMRISC, LLC, CRC INSURANCE § SERVICES, INC., and HIGHPOINT § INSURANCE GROUP, LLC § § Defendants. § | |

**DEFENDANT HIGHPOINT INSURANCE GROUP, LLC'S MOTION TO DISMISS UNDER FEDERAL RULES 12(b)(1) and 12(b)(6) AND BRIEF IN SUPPORT THEREOF**

Defendant Highpoint Insurance Group, LLC ("Highpoint" or "Defendant") files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support Thereof.

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Commerce Equities, Inc. ("Plaintiff") alleges that its property suffered damages from Hurricane Harvey on or about August 27, 2017. ECF No. 1, Ex. B ¶28. In turn, Plaintiff filed a claim with its insurance carrier pursuant to a commercial property insurance policy (the "Policy"). ECF No. 1, Ex. B ¶29. Unable to resolve the claim with its insurance carrier, Plaintiff is currently arbitrating this matter in New York. ECF No. 1, Ex. B ¶43.

Plaintiff has now filed this lawsuit against several defendants, including Highpoint. Highpoint, the retail insurance agent, assisted with procuring the Policy. ECF No. 1, Ex. B ¶19. Plaintiff alleges only two causes of action against Highpoint: (1) negligence and (2) violation of the Texas Insurance Code. ECF No. 1, Ex. B ¶¶45-55, 63-64. The crux of Plaintiff's complaint as to Highpoint is that it mispresented the terms to the Policy by failing to disclose that there was an

arbitration provision with a New York venue applying New York law (hereinafter the "Arbitration Provision"). ECF No. 1, Ex. B ¶¶51-53.

Even assuming Plaintiff's allegations to be true, however, Plaintiff does not have an actionable legal injury and, therefore, lacks standing to bring these claims. Specifically, Plaintiff fails to articulate—beyond a mere hypothetical—what additional damages it would receive from a dispute with its carrier had there not been an Arbitration Provision.

Even if Plaintiff has standing, Plaintiff fails to state a viable cause of action against Highpoint. Texas law is clear that an insurance agent has a duty to procure the coverage that is specifically *requested* and to not make any *specific* misrepresentations regarding the scope of coverage. Here, Plaintiff does not allege that it specifically requested coverage without an Arbitration Provision or that Highpoint misrepresented that it was procuring coverage without an Arbitration Provision. In fact, Plaintiff alleges in its pleadings that Highpoint was also unaware of the Arbitration Provision.

Therefore, Plaintiff's lawsuit should be dismissed because it lacks standing or in the alternative its failure to state a viable cause of action against Highpoint.

## II. PLAINTIFF LACKS STANDING

### A. Legal Standard

It is appropriate for the court to dismiss the action pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction when a plaintiff lacks standing to sue in federal court. *See Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997). Standing is a jurisdictional question, which must be resolved as a preliminary matter. *U.S. v. Hays*, 515 U.S. 737, 742-43 (1995); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). The plaintiff has the burden to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The

plaintiff "must demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in the plaintiff's favor. *Id.* at 560.

To establish an injury-in-fact, the plaintiff must sufficiently plead that the injury is concrete and particularized, actual or imminent, and 'not conjectural' or 'hypothetical.' *Id.* (*citing Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1723 L.Ed.2d 135 (1990)). "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.'" *Id*. (*citing Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)).

### B.  Argument

Plaintiff alleges that it suffered (1) "consequential damages to [Plaintiff's] economic welfare from the wrongful denial and delay of benefits including loss of the property and business"; (2) "significant monetary and time costs associated with traveling to New York and hiring lawyers to prosecute the arbitration"; and (3) "consequential damages, statutory interest, exemplary damages, and attorney's fees that Plaintiff could not recover if New York law applied to damages to the Property." ECF No. 1, Ex. B ¶¶43, 65.

Even if the facts alleged by Plaintiff are taken as true, Plaintiff has failed to show or allege that its award in arbitration would be less than what it would have recovered, if not for the Arbitration Provision.  Plaintiff also assumes that it is entitled to any recovery pursuant to the Policy.  At this time, any recovery—much less more recovery without the Arbitration Provision—pursuant to the Policy is mere conjecture and a hypothetical that has yet to be determined.

Plaintiff also fails to allege any facts, much less sufficient facts, to show that it has suffered an injury-in-fact caused by Highpoint. If anything, Plaintiff makes clear that any alleged injury

stems from its insurance carrier's alleged bad conduct to properly adjust the claim. ECF No. 1, Ex. B ¶ 30 ("Nearly a year passed without any substantive progress – and with zero payment – on the claim . . . [and] the Carriers . . . sent Plaintiff a letter officially refusing any additional payment on the claim."). In fact, Plaintiff claims that the carrier committed a "wrongful denial" and "delay of benefits including loss of the property and business." ECF No. 1, Ex. B ¶65. Highpoint, however, has nothing to do with the alleged wrongful acts of the carrier.

In short, Plaintiff lacks standing to bring these claims because it fails to articulate an injury-in-fact that was caused by Highpoint.

### III. PLAINTIFF FAILS TO STATE A CLAIM

In the event that Plaintiff is deemed to have standing then Plaintiff's claims against Highpoint should be dismissed under Rule 12(b)(6) as follows.

#### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. *See Twombly*, 550 U.S. at 554-55. This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *See Iqbal*, 556 U.S. at 667. Rather, a plaintiff has an obligation to provide "[t]he grounds of his entitle[ment] to relief…." *See Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations contained in the complaint. *See id*. at 555-56. The court, however, is not required to accept legal conclusions as true. *See Iqbal*, 556 U.S. at 667-68. Rather, legal conclusions must be supported by sufficiently specific factual allegations, as courts "are not bound to accept as true a

legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] plaintiff must plead specific facts, not mere conclusion allegations, to avoid dismissal for failure to state a claim." *Kane Enters v. MacGregor (USA), Inc*., 322 F.3d 371, 374 (5th Cir. 2003).

"Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading. *See Anderson v. U.S. Dep't of Hous. & Urban Dev*., 554 F.3d 525, 528 (5th Cir. 2008). As the Fifth Circuit explained in *Anderson*, "a complaint must do more than name laws that may have been violated by the defendant, it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." *See id*. at 528-29. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678. Furthermore, complaints "based on an outlandish legal theory or on a close but ultimately unavailing one" should be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

> **B.      Plaintiff's Mistaken Belief About the Contents of Its Policy Does Not Create A Viable Cause of Action Against Highpoint and Therefore All of Plaintiff's Claims Should be Dismissed**

In Texas, an insurance agent does not have a legal duty to disclose the limitations of an insurance policy under common law or the Texas Insurance Code. *See Nwaigwe v. Prudential Prop. & Cas. Ins. Co.,* 27 S.W.3d 558-559 (Tex. App.—San Antonio, 2000, pet. denied)(Court held that there was no duty to advise the insured that the policy included a vacancy exclusion and that an insured's mistaken belief that he was fully covered by the policy is not actionable—insured asserted claims of negligence, violations of the Texas Insurance Code, fraud, and DTPA).

Rather, an insurance agent owes a client a duty to use reasonable diligence to attempt to place the requested insurance and inform the client promptly if the agent is unable to do so. *May v. United Services Ass'n of America*, 884 S.W.2d 666, 669 (Tex. 1992). An insurance agent does not breach his duty of procuring the requested coverage where the insured does not specifically request a particular type of coverage. *See Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.)(finding no liability where insured never requested a specific type of coverage.). A claim based on a misrepresentation relating to insurance coverage requires proof of a specific misrepresentation.[1]

Here, even assuming all facts plead as true, Plaintiff does plead sufficient facts supporting an actionable negligence claim or alleged violation of the Texas Insurance Code. Plaintiff fails to allege that it made any specific request for coverage without an Arbitration Provision. Likewise, Plaintiff fails to allege any facts—beyond mere conclusory allegations—that Highpoint misrepresented to Plaintiff that the Policy would not have the Arbitration Provision. On the contrary, Plaintiff pleads that Highpoint was unaware of the Arbitration Provision, as follows:

> Upon information and belief, AmRisc instructed CRC to conceal any reference to the arbitration provision, choice of law provision, and choice of venue provision, from any and all potential targets (***including Plaintiff's agent, Highpoint***) and CRC agreed to this plan.
>
> ECF No. 1, Ex. B ¶60. (emphasis added).

---

[1] *See Howard v. Burlington Ins. Co*., 347 S.W.3d 783, 798 (Tex. App.—Dallas 2011, no pet.)(affirming summary judgment on behalf of agent broker for claims of misrepresentation, negligent misrepresentation, breach of fiduciary duty, fraud and fraudulent inducement, and negligence when there was not a specific misrepresentation.) The Court in *Howard v. Burlington Ins.* stated that "In the absence of some specific misrepresentation by the insurer or agent about the insurance a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the DTPA.")(citing *Sledge v. Mullin,* 927 S.W.2d 89, 94 (Tex. App.—Fort Worth 1996, no writ)(stating that where Plaintiff could point to no specific misrepresentation, the evidence does not support a theory of recovery for the alleged misrepresentation under the Texas Insurance Code or for the alleged deceptive trade practice." The Court in *Howard v. Burlington Ins.* also noted that "For the same reason, a claim based solely on mistaken belief would fail under the Insurance Code.")(citing *Moore v. Whitney–Vaky Ins. Agency,* 966 S.W.2d 690, 692-693 (Tex. App.—San Antonio 1998, no pet.)).

### C. Plaintiff's Claims Are Barred Because it is Charged with the Knowledge Regarding the Contents of the Policy, Including the Arbitration Provision

Texas law is clear that an insured has a duty to read and be familiar with the terms of its insurance policy, is charged with knowledge of its policy's coverage, and cannot rely upon its insurance agent to explain the policy. *See Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.,* 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996), aff'd 966 S.W.2d 482 (Tex. 1998); *Ruiz v. Government Employees Ins. Co*., 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.). The Court in *Howard v. Burlington* stated the following:

> Texas law is clear that the policy's language controls and the insured has a duty to read and be familiar with the terms of his own insurance policy…**An Insured is bound to the terms of the policy whether he reads it or not**…[Here, Plaintiff] admitted he did not read the entire policy. [Plaintiff] further admitted he did not attempt to verify whether the policy provide the coverage purportedly he purportedly asked [his insurance agent] to obtain. **Nevertheless, [Plaintiff] was bound by the terms of the [insurance] policy and was charged with knowledge of its conditions and coverage**.

*Howard v. Burlington Ins. Co*., 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.)(emphasis added).

Here, Plaintiff does not allege any facts that it was not given a copy of the Policy or that it requested a copy of the Policy and that such request was denied. As such, Plaintiff is bound and charged with the contents of the Policy, including the Arbitration Provision, and therefore its claims against Highpoint should be dismissed.

### D. Plaintiff Fails to Plead the Existence of Any Cognizable Damages

Plaintiff's claims against Highpoint should also be dismissed because Plaintiff does not allege that it has or will suffer any non-speculative damages. "Texas and Federal law require plaintiffs to demonstrate non-speculative damages to pursue a claim. Damages which are

conjectural will not survive a motion to dismiss." *Little v. KPMG LLP*, No. SA-07-CA-621-FB, 2008 WL 576226, at 5 (W.D. Tex. Jan. 22, 2008); *see also Reardon v. LightPath Techs., Inc*., 183 S.W.3d 429, 442 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In Texas, courts have held that "uncertainty as to the fact of legal damages is fatal to recovery." *Sw. Battery Corp. v. Owen*, 115 S.W.2d 1097, 1099 (Tex. 1938).

Plaintiff fails to allege the specific amount—or even a ball park range—of these purported damages, nor facts sufficient to confirm the existence of these damages. The notion that Texas arbitrators award more money than New York arbitrators is entirely speculative and based on conjecture. It is also uncertain based upon the pleadings as to whether Plaintiff is entitled to any recovery under the Policy, much less more recovery had this matter been litigated in Texas.

### E. Plaintiff Fails to Allege a Viable Insurance Code Violation.

In support of its claims that Highpoint violated the Texas Insurance Code, Plaintiff pleads nothing more than threadbare recitations of the elements of its cause of action, supported by conclusory statements of fact. With regards to Section 541.061(1) of the Texas Insurance Code, Plaintiff states that "Highpoint misrepresented the insurance policy to Plaintiff by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061(1)." Plaintiff, however, pleads no additional facts describing who made the misrepresentation, what the misrepresentation was, when it was made, where it was made, or how it was made.

In support of its claims that Highpoint violated Section 541.061(2) of the Texas Insurance Code, Plaintiff states that "Highpoint violated section 541.061(2) by failing to inform Plaintiff, prior to binding of the Policy, of the arbitration clause, choice of law clause, choice of venue clause that have directly led to the deprivation of Plaintiff's legal rights and subsequent damages." ECF No. 1, Ex. B ¶51. However, Plaintiff pleads no facts with any level of detail describing how

Highpoint's conduct violated Section 541.061(2). Specifically, Plaintiff fails to plead any facts even suggesting that Highpoint made "statements" that were "misleading" and therefore needed to be corrected. *See* Section 541.061(2) of the Texas Insurance Code.

Likewise, Plaintiff make a conclusory allegation that Highpoint violated Section 541.061(3) of the Texas Insurance Code. ECF No. 1, Ex. B ¶53. Plaintiff—once again—fails to allege any facts that Highpoint made a misleading statement. *See* Section 541.061(3) of the Texas Insurance Code ("making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.")

As previously noted, a misrepresentation claim—including under the Insurance Code—requires a specific misrepresentation and an insured's mistaken belief about the coverage is not generally actionable. Plaintiff, however, fails to allege any facts that Highpoint made a misrepresentation that the Policy would not have the Arbitration Provision.

### F. Plaintiff Fails to Allege a Viable Negligence Cause of Action

In support of its negligence cause of action against Highpoint, Plaintiff states "Highpoint owed a duty to Plaintiff to obtain appropriate insurance coverage for Plaintiff's property and failed to make Plaintiff aware of the Arbitration Provision." ECF No. 1, Ex. B ¶64. As previously stated, an insurance agent, such as Highpoint, does not have a duty to disclose all of the limitations to an insurance policy. *See Nwaigwe,* 27 S.W.3d 558-559 (Tex. App.—San Antonio, 2000, pet. denied).

Plaintiff's allegations as to negligence represent nothing more than threadbare recitations of the elements of negligence and contain only conclusory factual allegations. For example, Plaintiff pleads no facts that Highpoint failed to use reasonable diligence to place the coverage specifically requested or promptly inform Plaintiff that it was unable to do so.

As such, Plaintiff does not plead facts, which taken as true, would state a claim for negligence upon which relief can be granted, and therefore Plaintiff's causes of action against Highpoint should be dismissed under Rule 12(b)(6).

## IV. CONCLUSION AND PRAYER

CONSEQUENTLY, Defendant Highpoint Insurance Group, LLC respectfully requests that the Court grant this Motion to Dismiss, dismiss each of Plaintiff's claims against it with prejudice, and grant any and all other and further relief to which it may show itself to be justly entitled.

Respectfully Submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: ___/s/ Michael S. Cedillo_____
**Michael S. Cedillo, Attorney in Charge**
State Bar No. 24072029
Southern District Bar No. 1872135
mcedillo@thompsoncoe.com
700 North Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8221
Facsimile: (214) 871-8209
**ATTORNEY FOR DEFENDANT HIGHPOINT INSURANCE GROUP, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all known counsel via ECF/CM on August 6, 2020 pursuant to the Federal Rules of Civil Procedure as follows:

*/s/ Michael S. Cedillo*_____
**Michael S. Cedillo**