UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMERCE EQUITIES, INC. § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No.  4:20-cv-02607 |
| § | | |
| AMRISC, LLC, CRC INSURANCE § | | |
| SERVICES, INC. AND HIGHPOINT § | | |
| INSURANCE GROUP, LLC § | | |
| *Defendant.* § | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO AMRISC AND CRC'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO COMPEL ARBITRATION AND TO STAY OR DISMISS (DKT. 4), AND MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Commerce Equities, Inc. ("Plaintiff" or "Commerce Equities") responds in opposition to defendants AmRisc and CRC's motion to dismiss or, in the alternative, motion to compel arbitration and motion to stay or dismiss (Dkt. 4), and moves to remand the case for lack of subject matter jurisdiction.

### I.   PROCEDURAL OVERVIEW

Commerce Equities originally filed this lawsuit in the 295th District Court of Harris County, Texas. AmRisc and CRC removed the case, citing the Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and its implementing legislation, the Convention Act, 9 U.S.C. §§ 202, 203, 205, as the sole basis for federal jurisdiction. Defendants AmRisc and CRC ("Defendants")[1] cite an arbitration clause in Commerce Equities' insurance

---

[1] Defendant Highpoint Insurance Group consented to the removal, and filed its own separate motion to dismiss (Dkt. 6). Highpoint did not request arbitration at all, demonstrating a serious misunderstanding of the jurisdictional issues in this case. (*See id.*) Commerce Equities will file a separate response to that motion.  Reference to "Defendants" herein, unless otherwise indicated, refers to AmRisc and CRC for the purposes of this motion.

policy as the link to the Convention Act jurisdiction. (*See* Dkt. 1 at 4). Defendants allege no other basis for federal jurisdiction – diversity or federal question – supporting the removal.

Commerce Equities has instituted arbitration proceedings in New York with the insurance carriers that are parties to the insurance policy containing the arbitration clause at issue. A panel has been constituted, and arbitration will proceed accordingly. Commerce Equities does not dispute the arbitrability of certain claims as against the insurance carriers, but the claims against the carriers are not before this Court.

## II. SUMMARY OF THE ARGUMENT

AmRisc calls itself a "managing general underwriter for commercial property risks." CRC is a wholesale insurance broker. Neither AmRisc nor CRC is a signatory to the insurance policy containing the arbitration clause that forms the basis for this Court's jurisdiction. Rather, they argue that principles of equitable estoppel allow them to compel arbitration. (*See* Dkt. 4 at 14-15). The arbitration agreement in Commerce Equities' insurance contract forms the sole basis of this Court's jurisdiction under the Convention Act. The Fifth Circuit recognizes a "low bar" for federal removal jurisdiction under §205 of the Convention Act, permitting removal "whenever the arbitration clause could conceivably impact the disposition of the case." *Beiser v. Weyler,* 284 F.3d 665, 674 (5th Cir. 2002). Commerce Equities does not contest whether AmRisc and CRC meet this threshold "low bar." *See id.* Commerce Equities' claims here against Amrisc and CRC relate to the overall construction, marketing, and concealing of facts relevant to the insurance program, not the insurance contract itself. Any connection to the arbitration clause at issue is attenuated at best. But under Fifth Circuit precedent, it is arguably enough to meet the "low bar" for jurisdiction.

Nonetheless, the Fifth Circuit cautioned in *Beiser* that this "low bar" for jurisdiction did not mean that claims were necessarily arbitrable. Indeed, it instructed district courts that

arbitrability is the threshold question district courts should take up after removal, mapping out the scenario as follows:

> Under § 205 . . . the federal issue in cases will often be resolved early enough to permit remand to the state court for a decision on the merits. **The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205. If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court.** Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it. The district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute.

284 F.3d at 674-75 (emphasis added) (internal citations omitted).

The Defendants disregard this well settled precedent, filing a motion to dismiss under Rule 12(b)(6). This is inappropriate, and the Court should disregard that motion entirely. Rather, the Court should first determine whether Commerce Equities' claims against Defendants are arbitrable. If they are, then then Court can compel arbitration and stay this case pending completion of the arbitration. But if they are not, then this Court should remand the claims. All of Commerce Equities' claims here are "state law claims." *See id.*; Dkt. 1, Ex. B, Plaintiff's Original Petition (asserting claims under Texas Insurance Code and common law claims). In short, if the claims against AmRisc and CRC are not arbitrable, this Court "must . . . remand" those claims. *Beiser,* 284 F.3d at 675. Fifth Circuit precedent interpreting the Convention Act does not contemplate a ruling on a completely separate, unrelated Rule 12(b)(6) motion to dismiss, which AmRisc improperly files here.

Commerce Equities' claims against AmRisc and CRC are not subject to arbitration, so the Court should deny the motion to compel arbitration and remand the case. In a case decided this year involving the same insurance program put together by AmRisc and an identical arbitration clause, Judge Eskridge denied AmRisc's motion to compel arbitration. *5556 Gasmer Mgmt. LLC*

3

*v. Underwriters at Lloyd's, London,* No. 19-cv-00974, 2020 U.S. Dist. LEXIS 94319, at *20 (S.D. Tex. May 29, 2020) (unpublished opinion). Citing heavily to a 2018 Texas Supreme Court case on point, the court rejected the same equitable estoppel arguments AmRisc and CRC assert here. *See id.* at * 10-18; *Jody James Farms, JV v Altman Group, Inc,* 547 S.W.3d 624 (Tex. 2018). This Court should disregard the Defendants' motion to dismiss, deny their motion to compel arbitration, and remand the state law claims for resolution by the state court.

### III. Law/Argument

**A. The initial standard for removal jurisdiction under § 205 presents a "low bar" that grants this Court limited jurisdiction to determine the question of arbitrability.**

In *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), the Fifth Circuit set out the analytical framework for cases removed to district courts under § 205 of the Convention Act. To remove a case under § 205, the removing party must show that (1) an arbitration agreement exists that "falls under" the Convention, and (2) the dispute "relates to" the arbitration agreement. *See Beiser,* 284 F.3d at 666; 9 U.S.C. § 205. Under *Beiser*, so long as there is "*an arbitration agreement* falling under the Convention [that] *could conceivably affect* the outcome of the plaintiff's case," the "relates to" test is satisfied. *QPro Inc. v. RTD Quality Servs. USA,* 761 F. Supp. 2d 492, 494 (S.D. Tex. 2011) (emphasis in original); *Beiser,* 284 F.3d at 669.

This standard, per the Fifth Circuit, sets a "low bar" for jurisdiction under § 205. *Beiser,* 284 F.3d at 674. Indeed, AmRisc and CRC "need not show that [they have] the right to enforce the arbitration agreement" for this Court to have jurisdiction to determine the arbitrability issue. *QPro Inc.*, 761 F. Supp. 2d at 493-94. Cautioning against "conflat[ing] the jurisdictional and merits inquiries into a single step," the Fifth Circuit in *Beiser* recognized that "even if [the plaintiff] is right on the merits that he cannot ultimately be forced into arbitration, his suit at least has a 'connection with' the contracts governing the transaction out of which his claims arise." *Id.*;

*Beiser,* 284 F.3d at 670. Commerce Equities acknowledges here that AmRisc and CRC have a colorable argument to meet the "low bar" for federal removal jurisdiction mandated in § 205 cases by the Fifth Circuit in *Beiser.* 284 F.3d at 674. But as the Fifth Circuit stated in *Beiser,* Plaintiff will show it is "right on the merits" of the arbitrability issue, and that it "cannot ultimately be forced into arbitration." *QPro Inc.*, 761 F. Supp. 2d at 493-94; *Beiser,* 284 F.3d at 670.

**B. This Court should not entertain the Defendants' motion to dismiss, but should decide the arbitrability issue and either compel arbitration or remand the case.**

Under the "low bar" set by the Fifth Circuit, this Court has jurisdiction to decide whether the claims against AmRisc and CRC are arbitrable. *Beiser.* 284 F.3d at 674. However, "merely because the court has subject matter jurisdiction over this action" under the Convention Act, it "does not mean that the court should decide [Plaintiff's] claims on the merits." *Kana Energy Servs. v. Jiangsu Jinshi Mach. Grp. Co.,* No. H-19-0213, 2019 U.S. Dist. LEXIS 85981, at *12 (S.D. Tex. 2019) (Lake, J.) (unpublished opinion), citing *Beiser,* 284 F.3d at 675.

Indeed, "the arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205." *Beiser,* 284 F.3d at 675. Openly defying this well-settled precedent, AmRisc and CRC instead filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (*See* Dkt. 4). They argue in the alternative that the Court should compel arbitration. (*See id.* at 14) (*See* Dkt. 4 at 14, alternative motion to compel arbitration). The Defendants' motion to dismiss subverts Fifth Circuit precedent, and the Court should disregard it altogether. For nearly two decades, the Fifth Circuit has endorsed the approach it first laid out in *Beiser* for how district courts should approach cases removed under § 205:

> The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205. If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court. *See* 28 U.S.C. § 1441(c) (granting district court discretion to remand all claims in which state law predominates); *Parker & Parsley*

5

>*Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (noting that when all federal claims are resolved early in a lawsuit and only state law claims remain, the district court almost always should remand to the state court); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989) (same). Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it. The district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute.

*Beiser,* 284 F.3d at 675.

The framework here is clear: if the Court decides that the claims against AmRisc and CRC are subject to arbitration, then it should enter an order sending those claims to arbitration. *See id.* But if the Court decides those claims are *not* subject to arbitration – the ruling Commerce Equities urges below – it should remand those claims. Lacking any independent basis for federal jurisdiction outside the Convention Act, there is no circumstance under which the Court should entertain the Defendants' Rule 12(b)(6) motion to dismiss.

### C. Defendants cannot show this to be one of the "rare circumstances" under which a nonsignatory can compel arbitration.

As they themselves acknowledge, AmRisc and CRC are not parties to the insurance contract containing the arbitration clause at issue. (*See* Dkt. 4 at 14). The Fifth Circuit has cautioned that courts should "allow a nonsignatory to invoke an arbitration agreement only in rare circumstances." *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002). Indeed, arbitration is a matter of "consent, not coercion." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681, 683, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010). Commerce Equities never "consented" to any contract with the Defendants, let alone an agreement to arbitrate. *See id.*

Citing both Texas and New York law, the Defendants urge the Court to compel arbitration under the theory of equitable estoppel. (*See* Dkt. 4 at 14-16). Earlier this year, Judge Eskridge denied a motion to compel arbitration filed by AmRisc. *5556 Gasmer Mgmt. LLC v. Underwriters*

*at Lloyd's, London,* No. 19-cv-00974, 2020 U.S. Dist. LEXIS 94319, at *18 (S.D. Tex. 2020) (Eskridge, J.) (unpublished opinion). As here, *Gasmer* involved

> (1) the same arbitration clause (*see id.* at *3-4; Dkt. 1, Ex. G, Policy, at 119 of 184);
>
> (2) equitable estoppel as the sole argument for compelling arbitration as a nonsignatory (*see Gasmer,* 2020 U.S. Dist. LEXIS 94319, at *10-18); and
>
> (3) the plaintiff's claims brought under the Texas Insurance Code and Texas common law (*see id.* at *3-4; Dkt. 1, Ex. B, Plaintiff's Original Petition, ¶¶ 45-62).[2]

As Judge Eskridge did in *Gasmer*, this Court should deny AmRisc and CRC's motion to compel arbitration.

### (1) Under both Texas and New York law, the equitable estoppel analysis is essentially the same.

The arbitration clause at issue contains a provision calling for application of New York law. (Dkt. 1 at 4 of 184). Commerce Equities does not agree that New York law applies to this case. But a "choice needn't be made between the laws of Texas and New York where no actual conflict is asserted." *Gasmer*, 2020 U.S. Dist. LEXIS 94319 at *10-11, citing *Jacked Up, LLC v Sara Lee Corp.*, 854 F3d 797, 813 (5th Cir 2017), citing *Schneider National Transport v Ford Motor Co*, 280 F3d 532, 536 (5th Cir 2002). Defendants raise no "actual conflict" on the application of equitable estoppel, so any distinction between the two states' laws is immaterial on that issue. *See generally Jody James Farms, JV v Altman Group, Inc,* 547 SW3d 624, 636 (Tex 2018) (applying Texas law on equitable estoppel); *Sokol Holdings, Inc v BMB Munai, Inc,* 542 F3d 354, 358 (2d Cir 2008) (same, under New York law).

---

[2] One distinction between this case and *Gasmer* is that in *Gasmer* the plaintiff sued the insurers that were signatories to the arbitration clause at issue. *Gasmer,* 2020 U.S. Dist. LEXIS 94319, at *2. Judge Eskridge granted the motion to compel arbitration as to the signatory insurers, but denied it as to the non-signatory insurance brokers (including AmRisc). *Id.* Here, Plaintiff does not sue the insurers under its policy; it has already commenced arbitration proceedings against the insurers in New York.

### (2) Defendants cannot demonstrate "direct benefits estoppel."

The only basis the Defendants invoke for compelling arbitration is "direct benefits estoppel." (*See* Dkt. 4 at 22).[3] They argue that the Court should compel Commerce Equities into arbitration with them because Commerce Equities' claims "refer to, and presume the existence of, the Arbitration Agreement." (Dkt. 4 at 15). This is legally insufficient for the Defendants to compel arbitration under a direct benefits estoppel theory.

### a. For direct benefits estoppel to apply, Commerce Equities' claims must arise "solely from" the insurance contract containing the arbitration clause.

Under Texas law, nonsignatory defendants may compel arbitration if the plaintiff's claims against them "cannot stand independently—that is, the alleged liability 'arises solely from the contract or must be determined by reference to it.'" *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 637 (Tex. 2018). The Texas Supreme Court in *Jody James Farms* clarified that the "underlying source of the plaintiff's claim matters" in determining whether estoppel is appropriate. *Gasmer*, 2020 U.S. Dist. LEXIS 94319, at *14, citing *Jody James Farms,* 547 S.W.3d at 636. The Texas Supreme Court stated:

> when the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law, direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen "but for" the contract's existence.

*Jody James Farms*, 547 S.W.3d at 637.

Commerce Equities' claims "must rely on the language of the agreement containing the arbitration clause, **rather than just presume its existence**, for this basis of equitable estoppel to

---

[3] One notable contrast with the *Gasmer* case is that the Defendants here do not assert the theory of "intertwined claims estoppel," a theory for which "it is not completely clear that Texas law recognizes," and which AmRisc unsuccessfully argued in *Gasmer. See* 2020 U.S. Dist. LEXIS 94319 at * 11. Commerce Equities therefore responds only to the "direct benefits" argument advanced.

apply." *QPro* Inc., 761 F. Supp. 2d. at 500 (emphasis added), citing *Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524, 527 (5th Cir. 2000). The mere existence of the insurance contract – even one "but for" which Commerce Equities' claims would not exist – does not suffice to trigger direct benefits estoppel. *Jody James Farms*, 547 S.W.3d at 637.

**b. Commerce Equities' claims arise out of the Texas Insurance Code and common law, and not the insurance contract.**

That scenario envisaged by the Texas Supreme Court in *Jody James Farms* was precisely the situation in *Gasmer*, and it is precisely the situation here. In *Gasmer,* the plaintiff sued AmRisc and another broker, U.S. Risk, for "misrepresentations by omission" under sections 541.051 and 541.061 of the Texas Insurance Code. *Gasmer,* 2020 U.S. Dist. LEXIS 94319, at *3-4. The *Gasmer* court found no basis for direct benefits estoppel under the facts before it:

> Plaintiff asserts claims against the [AmRisc and U.S. Risk] for misrepresentations and omissions made prior to the purchase of the subject insurance policy containing the arbitration agreement. The claims thus arise out of general obligations imposed by the Texas Insurance Code and not for breach of the insurance policy. True, the claims refer to the arbitration provisions as the subject of the supposed misrepresentations or omissions. But the Texas Supreme Court has determined that "a mere relationship between the signatory's claims and the contract containing an arbitration provision was not enough to compel a signatory to arbitrate claims against third parties under a direct-benefits estoppel theory."

*Id.* at *15. Exactly as was the case in *Gasmer,* Commerce Equities' claims relate to "misrepresentations and omissions made prior to the purchase of the subject insurance policy containing the arbitration agreement." *Id.*; Dkt 1, Ex. B, ¶ 57 ("AmRisc, by and through its agent CRC, made material misrepresentations to Plaintiff . . .before coverage was bound.")

And exactly as was the case in *Gasmer,* "no interpretation of the insurance policy is necessary to adjudicate the misrepresentation claims asserted by [Commerce Equities]," and Commerce Equities "in no way seeks to hold [Defendants] liable pursuant to duties imposed by that policy." 2020 U.S. Dist. LEXIS 94319, at *17. "It instead wants to hold them accountable in

tort according to theories available under the Texas Insurance Code." *Id.* Because the plaintiff was "not seeking *direct benefits* of the kind evoking concern under this strand of estoppel theory," the *Gasmer* court refused to compel arbitration on that basis. *Id.* at *18 (emphasis in original).

Here, as in *Gasmer,* Commerce Equities sues AmRisc under sections 541.051 and 541.061 of the Insurance Code, plus common-law claims of fraud, fraudulent concealment, and civil conspiracy. (Dkt. 1, Ex. B, ¶¶ 45-62). Commerce Equities sues CRC for its participation in a conspiracy with AmRisc. (*Id.* ¶¶ 58-62). As in *Gasmer,* Commerce Equities here does not bring a claim for breach of the insurance contract; of course, Commerce Equities did not enter into a contract with either AmRisc or CRC. As in both *Gasmer* and *Jody James Farms,* Commerce Equities' claims "arise[] from general obligations imposed by state law, including statutes, torts and other common law duties." *Gasmer,* 2020 U.S. Dist. LEXIS 94319 at *14-15; *Jody James Farms,* 547 S.W.3d at 637.

### *(3) Gasmer* **and** *Jody James Farms* **should control, and contrary authority is distinguishable.**

Although AmRisc did not cite them, two recent cases, decided a week apart from each other by Judge Werlein, reached the opposite conclusion as *Gasmer.* In *Bhandara Family Living Trust v. Underwriters at Lloyd's, London*, the court compelled arbitration of the claims against AmRisc under the same policy and arbitration provision here. No. H-19-968, 2020 U.S. Dist. LEXIS 55385, (S.D. Tex. Feb. 20, 2020) (Werlein, J.) (unpublished case). One week later, the Court reached the same outcome in *Urban Meridian Grp. v. Certain Underwriters at Lloyd's London*, No. H-19-2405, 2020 U.S. Dist. LEXIS 148952, at *7 (S.D. Tex. Feb. 27, 2020) (Werlein, J.) (unpublished case).

Those cases are distinguishable for two reasons. First, both of those decisions referenced that the claims by the plaintiffs against AmRisc were "intertwined." *Bhandara Family Living Tr.*

2020 U.S. Dist. LEXIS 55385, at *14 ("Plaintiff's claims against all Defendants are substantially intertwined"); *Urban Meridian Grp.* 2020 U.S. Dist. LEXIS 148952, at *7 n.9 ("Plaintiff's claims against AmRisc are even more closely intertwined than the plaintiff's claims against the broker defendants in *Bhandara*"). Even if that were the case here, AmRisc did not argue the theory of "intertwined claims" estoppel; it only argues "direct benefits estoppel." (*See* Dkt. 4 at 15-16). The court in *Bhandara* and *Urban Meridian* did not analyze direct benefits estoppel, and therefore have no application to the estoppel theory Defendants assert here. Second, neither case referenced the controlling Texas Supreme Court authority in *Jody James Farms*. The *Gasmer* court did, and cited this as the reason why it diverged from the Court's holding in *Bhandara*. *See Gasmer*, 2020 U.S. Dist. LEXIS 94319, at *18 (*Jody James Farms* "updates and clarifies the controlling principles of state contract law"). The Court should follow the reasoning and result in *Gasmer*.

Lacking any basis to compel arbitration, the Court should deny Defendants' motion.

**D. No other grounds for federal jurisdiction exist, so this Court should remand the case.**

Under *Beiser,* if this Court does not compel arbitration, it should remand the case. *See* 284 F.3d at 674-75. In *QPro, Inc.,* the defendant, like here, removed the case with the Convention Act as the sole basis for federal jurisdiction. 761 F. Supp. 2d at 503. Chief Judge Rosenthal denied the nonsignatory defendant's motion to compel arbitration, finding that the claim for tortious interference with a lease agreement did not suffice to meet the requirements of equitable estoppel. *See id.* at 498-503. After denying the motion to compel arbitration, the court remanded the case, reasoning that "[o]nce the basis for federal question jurisdiction ceases to exist, **or as in the instant case, when arbitrability is the basis for jurisdiction and can no longer be asserted as a defense**, the case should be remanded for resolution of the state law claims." *Id.* at 504 (emphasis added).

11

Judge Lake recently reached the same conclusion, remanding a case that was removed *after* the state court had already denied the removing defendant's motion to compel arbitration. *See Kana Energy* Servs., 2019 U.S. Dist. LEXIS 85981, at *14 (S.D. Tex. 2019). The court held that "[i]n removed cases where jurisdiction is based solely on [the Convention Act], the district court's role is to determine whether claims are arbitrable, and to compel arbitrable claims to arbitration. The Fifth Circuit has made clear that to the extent that claims are not subject to arbitration, they should be remanded to state court." *Id.* at *13, citing *Beiser,* 284 F.3d at 675.

**E. Defendants' Rule 12(b)(6) motion to dismiss is inconsistent with Fifth Circuit precedent.**

As argued throughout this response, this Court's decision tree is clearly mapped out by the Fifth Circuit's precedent in *Beiser*:

- "The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205." *Beiser,* 284 F.3d at 675.

- If the Court grants the motion to compel arbitration, it can stay the claims pending resolution of the arbitration. *See Gasmer,* 2020 U.S. Dist. LEXIS 94319, at *18; 9 U.S.C. § 3. This is the alternative relief Defendants request. (Dkt. 4 at 14).

- If the Court denies the motion to compel arbitration, it should remand the claims. *See Beiser,* 284 F.3d at 675.

Commerce Equities is unaware of any case within the Fifth Circuit whereby a defendant, upon removing under § 205 of the Convention Act, moved to dismiss for failure to state a claim under Rule 12(b)(6), as the Defendants do here. In fact, AmRisc did not do so in the *Gasmer, Bhandara,* or *Urban Meridian* cases cited above, but instead took the proper procedural route and moved to compel arbitration. *See Gasmer*, 2020 U.S. Dist. LEXIS 94319, at *2 (referencing AmRisc's motion to compel arbitration, but no Rule 12(b)(6) motion); <u>Bhandara,</u> 2020 U.S. Dist. LEXIS 55385, at *2 (same); *Urban Meridian Grp.*, 2020 U.S. Dist. LEXIS 148952, at *2 n.9

12

(same). Their motion here seeks relief that is wholly inconsistent with the Fifth Circuit's jurisprudence stated in *Beiser*, which confines this Court's inquiry to arbitrability when state law claims are involved.

## IV.  CONCLUSION/PRAYER

This Court has jurisdiction to determine whether Commerce Equities' claims against the Defendants are arbitrable. They are not. The Court should deny Defendants' motion to dismiss and their compel arbitration, and remand this case to the 295th Judicial District Court of Harris County, Texas.

Respectfully submitted,

RAIZNER SLANIA, LLP

*/s/ Jeffrey L. Raizner*
JEFFREY L. RAIZNER
Attorney-in-Charge
State Bar No. 00784806
Southern District Bar No. 15277
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
jraizner@raiznerlaw.com

*Of Counsel*:

ANDREW P. SLANIA
State Bar No. 24056338
Southern District Bar No. 1057153
AMY B. HARGIS
State Bar No. 24078630
Southern District Bar No. 1671572
BEN WICKERT
State Bar No. 24066290
Southern District Bar No. 973044
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099

                                      Fax:   713.554-9098
                                      **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all known counsel via ECF/CM on September 3, 2020 pursuant to the Federal Rules of Civil Procedure as follows:

Scott A. Shanes
Sarah N. Wariner
Jeremy R. Wallace
CLARK HILL
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
(469) 287-3900 – Telephone
(469) 287-3999 – Facsimile

Anna K. Olin
CLARK HILL
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300 – Telephone
(214) 651-4330 – Facsimile
**ATTORNEYS FOR DEFENDANTS**
**AMRISC, LLC and CRC INSURANCE**
**SERVICES, INC.**


Michael S. Cedillo
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8221
Facsimile: (214) 871-8209
**ATTORNEY FOR DEFENDANT**
**HIGHPOINT INSURANCE GROUP, LLC**

                                      */s/ Jeffrey L. Raizner*
                                      JEFFREY L. RAIZNER